UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>ROY DEOCHOA,<br><br>            Defendant. | Case No.  1:19-cv-00354-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 32 |

Plaintiff Pedro Sanchez is a pre-trial detainee or state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  On July 27, 2020, plaintiff moved for a temporary restraining order ("TRO").  ECF No. 32.  Plaintiff alleges that defendant Deochoa caused him to lose worker privileges in retaliation for this lawsuit, *see id*. at 12, and asks for a restraining order that would stop defendant from "applying policies in a way that discriminates against plaintiff . . . arbitrarily" and from engaging in "retaliatory actions against plaintiff," *id*. at 9.  We recommend that plaintiff's motion be denied for two reasons.

First, a TRO is not the proper vehicle for the relief that plaintiff now seeks.  The purpose of early injunctive relief "is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Here, by contrast, plaintiff seeks a TRO on an issue that does not relate to the merits of his case—this case concerns Eighth Amendment excessive force, not First Amendment retaliation—and that would

put the court in the ungainly position of monitoring any retaliation and discrimination on an ongoing basis. A TRO is therefore inappropriate. *See Snyder v. CA Dep't of Corr.*, No. CV-18-1223 PSG (RAO), 2018 WL 6252434, at *2 (C.D. Cal. Feb. 20, 2018) ("Plaintiff does not seek to uphold the relative positions of the parties, but rather to put the Court in the position of monitoring, evaluating, and investigating the housing decisions and policies of the CDCR in regard to Plaintiff; a TRO or preliminary injunction is therefore not appropriate."); *see also Bennett v. Ponce*, No. CV-18-04996-VBF-AS, 2019 WL 8589408, at *2 (C.D. Cal. Jan. 24, 2019) (noting that a "TRO application may not seek relief based on claims that plaintiff has not pled" in his complaint). Should plaintiff believe that he is being retaliated against in violation of his rights, he has the option of filing a new complaint or amending the current one—once his administrative remedies have been fully and properly exhausted.[1]

Second, and relatedly, plaintiff has failed to meet the legal standard for a TRO. A plaintiff seeking the extraordinary, emergency relief of a TRO must establish that he is likely to succeed on the merits of his case, that he is likely to suffer irreparable harm in the absence of such relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). At this early stage in the case, plaintiff has not shown that these factors tip in his favor. Most notably, because plaintiff's TRO application does not (for the reasons stated above) concern the merits of his case, he has not shown a likelihood of success on the merits. Moreover, the alleged injury of which plaintiff's motion complains—the loss of worker privileges—does not appear to be irreparable. The court therefore recommends that plaintiff's request be denied.

This recommendation will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 30 days of the service of the

---

[1] While the undersigned has decided to prepare these findings and recommendation in response to plaintiff's emergency motion, it is noteworthy that that the case is currently stayed.

findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.


Dated: __July 28, 2020__                     _____
                                             UNITED STATES MAGISTRATE JUDGE


No. 205.