UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROY DEOCHOA,<br><br>　　　　Defendant. | Case No. 1:19-cv-00354-ADA-HBK<br><br>ORDER DENYING MOTION TO LIFT STAY; ORDER GRANTING CONSTRUED MOTION TO CONTINUE STAY AND DIRECTING DEFEDANT FILE STATUS REPORT NO LATER THAN SEPTEMBER 12, 2023<br><br>(Doc. Nos. 51, 56) |

　　Pending before the Court is Plaintiff's construed motion to lift the stay of this action. (Doc. No. 51). Defendant filed an opposition to the motion and Plaintiff filed a reply. (Doc. Nos. 54, 55). On April 10, 2023, Defendant filed a status report in this action. (Doc. No. 56). Incorporated within Defendant's Status Report is a motion to continue the stay in this matter until September 2023. (*Id*. at 2). A review of the docket reveals this action was originally stayed on January 27, 2020 due to a parallel criminal action pending before the California State court, and the stays have been continued. (*See* Doc. Nos. 24, 31, 39, 45, 47, and 50). The Court has reviewed the docket in this matter and will grant a further stay until September 28, 2023.

　　The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Such discretion may be exercised even if the issues before the court are not controlling. *Leyva v. Certified*

*Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979).  It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394, (2007).  Whether a stay is prudent requires the court to balance whether "the [criminal] defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff, the public, and the court favor a stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989).  This interest is calculated by examining the "particular circumstances and competing interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

Here, Plaintiff proceeds on an Eighth Amendment excessive use of force claim against Defendant Roy Deochoa.  (Doc. Nos. 1, 6, 10).  Plaintiff is facing a criminal trial in relation to the same facts giving rise to the instant § 1983 Complaint.  Thus, Defendant requests to stay the action out of concern about parallel criminal and civil proceedings.  (*See generally* Doc. No. 56).  Defendant further explains that the state court recently granted defendant's motion to continue the criminal trial.  (*Id.*)  The criminal trial is now on the September 2023 criminal docket before the Tulare County Superior Court in California.  (*Id.*).

The Court finds a further stay is warranted.  The facts underlying both the civil and criminal matters appear to stem from the same incident.  Plaintiff's Fifth Amendment right against self-incrimination could be jeopardized if Defendant sought to depose Plaintiff under oath in the civil matter.  Thus, staying the case makes "efficient use of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (internal quotations omitted).  Further, as a "general matter the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Acacia Corp. Mgmt., LLC v. United States*, No. 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008) (internal quotations omitted).  Significantly, a conviction in the parallel criminal case may be dispositive of this case. *Heck v. Humphrey*, 512 U.S. 477 (1994) (prohibiting a § 1983 civil action for damages if it would render a conviction or

sentence invalid). Thus, a stay of these proceedings could prevent the unnecessary expenditure of resources and does not preclude plaintiff from proceeding on his claim when the criminal proceedings are resolved. *See Wallace*, 549 U.S. at 393-94 (recommending court stay civil action until potentially conflicting criminal proceedings are complete). Thus, the stay in this matter is extended until September 28, 2023. In the event the underlying criminal matter is concluded prior to the expiration of this extended stay, Defendant shall file a motion to lift the stay.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to lift the stay (Doc. No. 51) is DENIED.

2. Defendant's motion to stay incorporated in his Status Report (Doc. No. 56) is GRANTED and the Court will extend the STAY of this matter through September 28, 2023.

3. During the stay no motions may be filed and no discovery may take place.

4. Defendant must notify the Court **within 21-days** of the conclusion of Plaintiff's parallel criminal proceeding if Plaintiff's parallel proceedings conclude before September 28, 2023. Otherwise, Defendants must file a status report no later than September 12, 2023 to appraise the Court whether a further stay is required.

Dated: ____April 12, 2023____

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3