UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ROY DEOCHOA,<br><br>        Defendant. | Case No. 1:19-cv-00354-NODJ-HBK (PC)<br><br>ORDER GRANTING CONSTRUED MOTION TO CONTINUE STAY<br><br>(Doc. No. 61)<br><br>ORDER DIRECTING CLERK TO CONTINUE STAY OF CASE UNTIL FURTHER ORDER OF COURT |

On February 9, 2024, Defendant filed a status report incorporating a motion to continue the stay in this matter until February 3, 2025.[1]  (Doc. No. 61 at 2).  The Court afforded Plaintiff an opportunity to file a response to Defendant's incorporated motion and directed Defendant to file a reply after Plaintiff filed his opposition.  (Doc. Nos. 62-65).  This action was originally stayed on January 27, 2020 due to a parallel criminal action pending before Tulare County Superior Court, and the Court has granted continuances of the stay.  (*See* Doc. Nos. 24, 31, 39, 45, 47, 50, 57, and 59).  After reviewing the parties' respective papers and exhibits attached thereto, the Court will grant a further stay of this action until January 1, 2025.

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Such discretion

---

[1] Defendant's Reply requests that the stay be extended to January 1, 2025. (Doc. No. 65 at 4).

may be exercised even if the issues before the court are not controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979). It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394, (2007). Whether a stay is prudent requires the court to balance whether "the [criminal] defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff, the public, and the court favor a stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989). This interest is calculated by examining the "particular circumstances and competing interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

     Here, Plaintiff proceeds on an Eighth Amendment excessive use of force claim against Defendant Roy Deochoa. (Doc. Nos. 1, 6, 10). Plaintiff is facing a criminal trial in relation to the same facts giving rise to the instant § 1983 Complaint. Defendant requests a further stay of this action because a disposition of Plaintiff's underlying criminal matter may moot this civil action. (*See generally* Doc. No. 61). Plaintiff opposes the stay, asserting that Defendant's request is a "sham" and that no further extension of the stay is warranted. (*See generally* Doc. No. 63). Plaintiff points out that Defendant's Motion incorrectly stated that a recent continuance of the criminal matter was ordered at the request of Plaintiff's criminal defense counsel, when in fact it was ordered by the superior court. (*Id*. at 2). In reply, Defendant acknowledges that the most recent continuance of the criminal matter was ordered by the superior court but nonetheless points out that "the bulk of the continuances of the criminal case . . . were requested by or on behalf of Plaintiff," including eight out of nine continuances ordered between February 2023 and February 2024. (Doc. No. 65 at 3-4). Further, Plaintiff refused transport to his February 21, 2024 pre-trial hearing, causing a further delay in the criminal matter. (*Id*. at 4). If Plaintiff wanted to see his criminal matter proceed to trial, Defendant contends, he should "withdraw his general time waiver and take active steps to ensure that his criminal trial reaches a timely conclusion." (*Id*.). At present, the case is scheduled for pretrial conference on May 13, 2024. (*Id*.). Thus, Defendant requests an extension of the stay until January 1, 2025 to allow time for the trial to take place.

2

1   (*Id.*).

2   The Court finds a further stay of this action is warranted. The facts underlying both the civil and criminal matters stem from the same incident. Plaintiff's Fifth Amendment right against self-incrimination could be jeopardized if Defendant sought to depose Plaintiff under oath in this civil matter. Thus, staying the case makes "efficient use of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (internal quotations omitted). Further, as a "general matter the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Acacia Corp. Mgmt., LLC v. United States*, No. 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008) (internal quotations omitted). Significant here is that a conviction in the parallel criminal case may be dispositive of this civil case. *Heck v. Humphrey*, 512 U.S. 477 (1994) (prohibiting a § 1983 civil action for damages if it would render a conviction or sentence invalid). A stay of these proceedings could prevent the unnecessary expenditure of resources and does not preclude plaintiff from proceeding on his claim when the criminal proceedings are resolved. *See Wallace*, 549 U.S. at 393-94 (recommending court stay civil action until potentially conflicting criminal proceedings are complete). Thus, the stay in this matter is extended until January 1, 2025. In the event the underlying criminal matter is concluded prior to the expiration of this extended stay, Defendant shall file a motion to lift the stay within 30 days of the conclusion of the state criminal proceedings.

Accordingly, it is **ORDERED**:

1. Defendant's motion to stay incorporated in his Status Report (Doc. No. 61) is **GRANTED**.

2. This action will remain **STAYED until further order.**

3. During the stay no motions may be filed and no discovery may take place.

4. Defendant must notify the Court **within 30 days** of the conclusion of Plaintiff's parallel criminal proceeding if Plaintiff's parallel proceedings conclude before January 1, 2025. Otherwise, Defendant must file a status report no later than November 15, 2024 to apprise the

1 Court whether a further stay is required.

2     5.    **The Clerk of Court shall CONTINUE THE STAY THIS ACTION for all**
3 **purposes until further order by this Court.**

Dated:   March 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE