UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ,<br><br>        Plaintiff,<br><br>v.<br><br>ROY DEOCHOA,<br><br>        Defendant. | Case No. 1:19-cv-00354-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO ALTER OR AMEND A JUDGMENT<br><br>(Doc. No. 70) |

Pending before the Court is pro se Plaintiff's construed motion to alter or amend the Court's November 8, 2024 Order granting Defendant's continued Motion to Stay this case pending resolution of Plaintiff's parallel criminal proceeding. (Doc. No. 70). Plaintiff contends that his right to due process and speedy trial are being violated by the continued stay of his civil action against Defendant, and that the stay "is based on a speculative and otherwise fictitious so called *Heck* issue." (*Id*. at 1-2). For the reasons set forth below, the Court denies Plaintiff's construed Motion.

### BACKGROUND

Plaintiff proceeds on his Eighth Amendment excessive use of force claim against Defendant Roy Deochoa. (Doc. Nos. 1, 6, 10). Plaintiff is facing a criminal trial in relation to the same facts giving rise to the instant § 1983 Complaint. (*See* Doc. No. 61 at 1). Thus, Defendant

has repeatedly requested to stay the action because a disposition of the criminal matter may moot this civil action, requests which this Court has granted.  (*See* Doc. Nos. 24, 31, 43, 45, 47 50, 57, 59, 66).  Most recently, on March 12, 2024, the Court extended the stay until further order, and directed Defendant to file a status report no later than November 15, 2024.  (*See* Doc. No. 66). On November 8, 2024, Defendant filed a status report indicating that on November 1, 2024, Tulare County Superior Court continued the pretrial conference in Plaintiff's criminal matter until January 10, 2025.  (Doc. No. 68 at 2).  Defendant notes that the parallel criminal proceeding is trailing another criminal matter against Plaintiff, and estimates that trial on Plaintiff's criminal matters is likely to occur in August 2025.  (*Id*.).  The Court accordingly granted Defendant's construed Motion to continue the stay until further order and directed Defendant to file a status report no later than June 29, 2025.  (Doc. No. 69).

On November 12, 2024, Plaintiff filed an opposition to a further stay, asserting that Defendant's request is based on a false legal premise and that no further extension of the stay is warranted.  (*See generally* Doc. No. 70).  Plaintiff contends that he is being prejudiced by the extensive delays, including "dim[m]ing of memories or loss of evidence."  (*Id*. at 1).  He also contends "[t]here is no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil action [sic] even when such actions proceed simultaneously."  (*Id*.) (citing *S.E.C. vs. First Financial Group of Texas, Inc*., 659 F.2d 660, 666-67 (5th Cir. 1981).  Because Plaintiff's opposition was filed after the Court granted Defendant's construed Motion to Stay, but within 28 days of the order granting the motion, the Court construes Plaintiff's filing as a Motion to Alter Amend a Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

### APPLICABLE LAW AND ANALYSIS

**A. Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling

law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

Here, Plaintiff does not present any new evidence, an intervening change in the law, nor set forth any facts or argument from which the Court can infer that it committed clear error in granting Defendant's continued motion to stay. The arguments Plaintiff asserts are largely those the Court has previously considered and rejected in addressing prior motions to stay. (*See generally* Doc. Nos. 41, 51, 63).

As the Court previously noted, it is "common practice" when the plaintiff in a civil suit implying the invalidity of an anticipated future action "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *see also Jones v. Whisenand*, 8 Cal. App. 5th 543, 559 (2017) (citing *Wallace* and finding stay of civil action warranted pending resolution of related criminal case). Whether a stay is prudent requires the court to balance whether "the [criminal] defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff, the public, and the court favor a stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989). This interest is calculated by examining the "particular circumstances and competing interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

Plaintiff is correct that there is no prohibition on civil and criminal prosecutions proceeding simultaneously. Plaintiff cites for support *First Financial Group of Texas, LLC*,

which involved parallel civil and criminal enforcement actions against the same corporate defendant. In that case, the court held that "simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions" was permissible, *inter alia*, because of the important public interests to be vindicated by public agencies in each of the prosecutions. *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). However, *First Financial Group* and similarly-postured cases involving the same defendant in both the civil and criminal matters are inapposite here, where the plaintiff in a civil action asserts claims that, if successful, would invalidate the pending criminal case against him.

Plaintiff has provided no persuasive argument to undermine the Court's previous finding that a stay is warranted in these circumstances to protect Plaintiff's Fifth Amendment rights, promote judicial efficiency, and ensure that the outcome of the criminal proceeding is not subverted by the ongoing civil case. *See Gonzalez v. City of Bakersfield,* 2023 WL 2760906, at *2 (E.D. Cal. Apr. 3, 2023) (finding that *Heck* concerns, *Younger* abstention, and other factors, warranted stay of parallel civil action); *see also De'Armond v. White*, 2021 WL 933874, at *2 (E.D. Cal. Mar. 9, 2021) (finding stay warranted, *inter alia*, in interest of judicial efficiency and because "as a general matter the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant") *citing Acacia Corp. Mgmt., LLC v. United States*, 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008). Moreover, to the extent Plaintiff claims prejudice because the passage of time will lead to memories fading and evidence being lost, given that the parallel criminal matter involves substantially the same facts, witnesses, and evidence, any such concern is minimal. *Gonzalez*, 2023 WL 2760906 at *2 (citing *McCormick v. Rexroth*, 2010 WL 934242, at *3 (N.D. Cal. 2010).

Ultimately, Plaintiff's motion largely repeats the same legal arguments he has previously presented to the Court, which for reasons set forth above, the Court continues to find unavailing. Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely rejects the

previous findings of the Court, which is insufficient to support the relief requested.  *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

Accordingly, it is hereby **ORDERED**:

Plaintiff's construed Motion to Alter or Amend a Judgment (Doc. No. 70) is DENIED.

Dated:   November 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE