UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROY DEOCHOA,<br><br>　　　　　Defendant. | Case No.  1:19-cv-00354-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE STAY OF CASE<br><br>(Doc. 75)<br><br>ORDER SETTING TELEPHONIC STATUS CONFERENCE<br><br>March 26, 2026 at 1:00PM |

On October 21, 2025, Defendant filed his eleventh Status Report in this action.  (Doc. 75). Incorporated within the Status Report is a request to continue the stay in this matter for another 180 days, or until April 21, 2026.  (*Id.* at 2).  Defendant requests a further stay because, through no fault of the Defendant, Plaintiff's related state court criminal matter was continued to February 27, 2026.  (*Id.*).  Defendant estimates that the trial in Plaintiff's parallel criminal case will not occur until September 2026.  (*Id.*).  Plaintiff opposes a further stay and argues that the stay of this action has been unreasonable, pointing to the six-year long stay, which essentially amounts to an indefinite stay.  (Doc. 77).

A stay should have a definitive justifiable end point.  Here, that end point is the resolution of Plaintiff's pending parallel criminal state court action, which remains pending in the Tulare

County Superior Court.[1]  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (when a civil plaintiff brings claims under section 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended").  And absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see also Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings").

The Court does express it concern of the inordinate delay in Plaintiff's underlying pending criminal action.  However, as  noted in its March 12, 2024 Order, the bulk of the stays were requested by Plaintiff, Plaintiff had refused transport to one pre-trial hearing, and Plaintiff had not withdrawn his general time waiver to ensure his criminal trial reaches a timely conclusion.  (Doc. 66).  Defendant states that the state court continued the pre-trial conference in Plaintiff's state-court case to February 27, 2026 "at the request of Plaintiff's defense counsel."  (Doc. 75 at 2:5).[2] Consequently, the Court will grant a further stay of this action but will set the case for telephonic status conference after the February 27, 2026 pre-trial conference to determine whether a further stay is warranted.

Accordingly, it is **ORDERED**:

1.  Defendant's incorporated motion to continue stay (Doc. 75) is **GRANTED** to the extent set forth in this order;

2.  This matter is **STAYED** until further court order.

3.  A telephonic status conference is scheduled for **March 26, 2026 at 1:00 p.m.** to discuss the status of Plaintiff's pending parallel criminal state-court case.  (*Telephonic conferences are joined by calling: (669-254-5252; meeting ID 160 644 7139;*

---

[1] *People v. Pedro E. Sanchez* in the Tulare County Superior Court Case VCM382449.  This case trails another criminal case against Plaintiff, *People v. Sanchez* VCF 344700A.

[2] Defendant refers the Court to the "attached Minute Order" (Doc. 75 at 2:6) but there is no attachment to the Status Report.

*passcode 646053).*

4. **No later than March 19, 2026**, Defendant shall file a Status Report advising the Court of the status of Plaintiff's pending parallel criminal state-court case with any supporting documents attached.

Dated:    January 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3