UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SANCHEZ, | Case No.  1:19-cv-00354-HBK |
|      Plaintiff, | ORDER GRANTING FURTHER STAY OF ACTION AND VACATING JUNE 25, 2026, TELEPHONIC STATUS CONFERENCE |
|     v. | |
| ROY DEOCHOA, | (Doc. 82) |
|      Defendant. | JULY 31, 2026, DEADLINE |

On June 9, 2026, Defendant timely filed a Status Report. (Doc. 80), stating that the Tulare County Superior Court continued Plaintiff's parallel criminal matter at the March 20, 2026, Pre-Trial Conference to July 17, 2026, at request of Plaintiff's criminal counsel after Plaintiff refused to be transported to the hearing.  (*Id*. at 1-2).

In exercising its discretion to stay this case, the Court notes that repeated delays attributable to Plaintiff may warrant dismissal without prejudice rather than an indefinite continuation of the stay.  To the extent Plaintiff's claims are presently barred because success on them would necessarily imply the invalidity of an outstanding conviction or sentence, such claims are not cognizable under 42 U.S.C. § 1983 unless and until the conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question.  See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Under *Heck*, such claims do not accrue unless and until favorable termination occurs, which mitigates concerns that dismissal without prejudice would render a

Heck-barred claim untimely. *See id*. at 489–90; *McDonough v. Smith*, 588 U.S.109, 116-125 (2019). The Ninth Circuit recognizes that state law tolls § 1983 claim. *See Arrellano v. Nieves*, 911 F.2d 737 (9th Cir. 1990) (holding Cal. Gov't. Code § 945.3 tolls the limitations period while a criminal action is pending in state court against a section 1983 plaintiff). In the Ninth Circuit, dismissal without prejudice is an appropriate disposition after filing where a § 1983 claim would impugn an extant conviction and may be refiled if the conviction is later invalidated. *See Mills v. City of Covina*, 921 F.3d 1161, 1168 (9th Cir. 2019).

Although the Court finds a continued stay appropriate at this time, it will not permit this action to remain stayed indefinitely where further delay is attributable to Plaintiff.

Accordingly, it is **ORDERED**:

1. The Court VACATES the telephonic status conference set for June 25, 2026 (Doc. 81).

2. Defendant's incorporated request for a further stay is GRANTED (Doc. 82), and this action is STAYED pending further developments in Plaintiff's underlying criminal proceedings.

3. The parties shall file separate status reports, no later than July 31, 2026, advising the Court of the status of the underlying criminal matter and whether continued stay of this action remains warranted.

4. If Plaintiff's underlying criminal proceedings are again continued at Plaintiff's request, the parties shall, in the alternative, show cause why this action should not be dismissed without prejudice to refiling after the parallel criminal matter is resolved.

Dated:    June 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2